ROSEMARY CHINYE OKOLIE TORIOLA,

                Plaintiff,

- versus -

BLACK UNITED FUND OF NEW YORK;
THE CITY OF NEW YORK; NYC
DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT;
NHS COMMUNITY DEVELOPMENT
CORPORATION; WILLIAM C. KELSEY;
TITUS TORIOLA; EAST NEW YORK
HOMES, INC.; and DREW LONTOS;

                Defendants.

MEMORANDUM
AND ORDER

15-CV-2325 (JG)

JOHN GLEESON, United States District Judge:

On April 21, 2015, plaintiff Rosemary Chinye Okolie Toriola[1] filed this *pro se* action alleging race discrimination in violation of the Fair Housing Act. I grant Toriola's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). I direct Toriola to file an amended complaint within 30 days as set forth below.

## BACKGROUND

Toriola alleges that on or about August 9, 1999, she entered into a contract with Black United Fund of New York ("BUFNY") to purchase a home in Far Rockaway, Queens through a program being undertaken by the New York City Department of Housing Preservation and Development ("HPD"). Compl. ¶ 16. Toriola further alleges that she paid $6,000 as a down

---

[1] In this order, "Toriola" refers to the plaintiff Rosemary Chinye Okolie Toriola. I refer to the defendant Titus Toriola by his full name.

payment to BUFNY. *Id.* ¶ 18. On or about December 15, 2003, the contract was assigned to East New York Homes, Inc. *Id.* ¶ 19. Toriola alleges that defendants failed to "fix a closing to complete the purchase" and later sold the property to another person, a Jewish male. *Id*. ¶¶ 24-27.

Toriola states that the property is located in a "predominately Jewish" neighborhood and that defendants "refused to convey the subject property to plaintiff, a black woman, in order to maintain the Jewish character of the neighborhood." *Id*. She seeks damages and injunctive relief.

STANDARD OF REVIEW

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court reviews such allegations by reading the complaint with "special solicitude" and interpreting the allegations to raise the "strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be construed liberally.") (internal quotation marks omitted). Nevertheless, the Court is required to dismiss a complaint, filed *in forma pauperis*, if it "(i) is frivolous or malicious, (ii)

2

fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). If a liberal reading of the pleading "gives any indication that a valid claim might be stated," this Court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

DISCUSSION

Section 3604 of the Fair Housing Act ("FHA") provides, in part, that "it shall be unlawful . . . [t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, familial status, or national origin . . . [or] [t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(a) & (b). By its terms, the FHA broadly prohibits racial discrimination in the sale or rental of housing.

The FHA contains a two-year statute of limitations. 42 U.S.C. § 3613(1)(A); *see also Jordan v. Chase Manhattan Bank*, No. 13-CV-9015(PAE), 2015 WL 1000058, at *6 (S.D.N.Y. Mar. 6, 2015). Thus, since Toriola commenced this action on April 21, 2015, her FHA claims are time-barred if they complain of events that occurred before April 21, 2013. Toriola alleges that BUFNY, HPD, and East New York Homes, Inc., either impeded or prevented her from closing on property located in Far Rockaway, Queens based on her race. However, the complaint fails to identify any harmful action or inaction by NHS Community Development Corporation, William C. Kelsey, Titus Toriola, or Drew Lontos. Thus, Toriola has failed to plead the factual support required to sustain her FHA claims against these defendants.

3

A complaint must contain sufficient factual content to allow the district court "to draw the reasonable inference that the defendant[s] are liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570; *see also* Fed. R. Civ. P. 8(a)(2) ("A pleading . . . must contain a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."). Toriola's complaint fails to give these defendants fair notice of her claims and fails to allege facts against these individuals and this entity. I therefore grant Toriola leave to file an amended complaint to support her FHA claims against NHS Community Development Corporation, William C. Kelsey, Titus Toriola, and Drew Lontos.

In addition, Toriola's claim appears to be barred by the statute of limitations. If she files an amended complaint, it should set forth as best she can the dates on which the actions giving rise to the complaint occurred. To the extent those dates are prior to April 21, 2013, she should explain why her failure to comply with the two-year statute of limitations should be excused.

## CONCLUSION

In light of Toriola's *pro se* status, I direct Toriola to file an amended complaint within 30 days from the entry of this order. Toriola must provide facts sufficient to support a plausible FHA claim against each defendant named in the caption and in the body of the amended complaint. She should also allege, as precisely as possible, the dates on which the acts she complains of occurred. To the extent those acts occurred prior to April 21, 2013, Toriola should explain why the statute of limitations should not bar her lawsuit.

If Toriola elects to file an amended complaint, it must be captioned "AMENDED COMPLAINT" and bear the docket number 15-CV-2325 (JG). The amended complaint shall

completely replace the original complaint so Toriola must include all the allegations in the original complaint and as well as additional allegations to support her FHA claims against NHS Community Development Corporation, William C. Kelsey, Titus Toriola, and Drew Lontos.

No summons shall issue at this time and all further proceedings shall be stayed for 30 days or until Toriola has complied with this Order. If Toriola fails to file an amended complaint within the time allowed, the action shall be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The amended complaint, if filed, shall be reviewed for substantive sufficiency pursuant to 28 U.S.C. § 1915(e)(2)(B).

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
July 24, 2015