UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROSEMARY CHINYE OKOLIE TORIOLA,    :

                       *Plaintiff,*     :

                            :

                  v.             :

                            :

BLACK UNITED FUND OF NEW YORK,    :
THE CITY OF NEW YORK; NYC    :
DEPARTMENT OF HOUSING PRESERVATION :
& DEVELOPMENT CORP.; WILLIAM C.    :
KELSEY; TITUS TORIOLA; EAST NEW YORK :
HOMES, INC; AND DREW LONTOS,    :

                            :

               *Defendants.*    :
-------------------------------------------------------------X

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ APR 2 4 2017 ★

BROOKLYN OFFICE

NOT FOR PUBLICATION

<u>MEMORANDUM</u>
15-CV-2325 (WFK) (JO)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On April 21, 2015, plaintiff Rosemary Chinye Okolie Toriola ("Plaintiff") filed this *pro se* action alleging race discrimination in housing, in violation of the Fair Housing Act. ECF No. 1. By Order dated July 24, 2015, this Court granted Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and directed Plaintiff to file an amended complaint within 30 days in order to proceed with this action. *See* ECF No. 4. On August 5, 2015, the Order sent to the address provided by Plaintiff was returned to the Court marked "Return to Sender - Attempted - Not Known - Unable to Forward." *See* ECF No. 5. Plaintiff had failed to provide the Court with a new address or otherwise contact the Court, in abrogation of her duty to notify the Court of a change of address. *See Gonzalez v. Walker,* 10-CV-2896, 2011 WL 534358, at *1 (E.D.N.Y. Jan. 6, 2011) (Bloom, M.J.). After Plaintiff failed to amend her complaint, the Court dismissed Plaintiff's action on September 21, 2015. *See* ECF No. 6.

One year later, on September 21, 2016, Plaintiff moved to vacate the Court's dismissal of her case pursuant to Fed. R. Civ. P. 60. *See* ECF No. 8. Plaintiff indicated she was not sure why her mail had previously been deemed undeliverable in July 2015, but she had received the

1

September 2015 decision shortly thereafter at the same address. *See* ECF No. 8-1 at 1. She also explained she had been unwell between May 2015 and February 2016, but did not account for her inaction after her recovery. *Id.* at 1-2. This Court denied Plaintiff's motion and notice of this Order was mailed to Plaintiff, but was returned to the Court as undeliverable. *See* ECF No. 12. Plaintiff subsequently submitted a letter request for further explication of this Court's decision. ECF No. 11.

The decision whether to grant a motion to vacate is within the sound discretion of the district court. *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). In doing so, the court must "strike[] a balance between serving the ends of justice and preserving the finality of judgments." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001). To meet this burden, a *pro se* litigant must proffer "highly convincing" evidence supporting his motion to vacate. *Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60, 77 (E.D.N.Y. 1999) (Ross, J.) (citations omitted).

Plaintiff has failed to proffer convincing evidence of extraordinary circumstances that would warrant a finding she had "excusably neglect[ed]" her case under Fed. R. Civ. P. 60(b)(1) or that would otherwise "justif[y] relief" under Fed. R. Civ. P. 60(b)(6). While Plaintiff's motion was timely to the extent it is construed as being raised under Fed. R. Civ. P. 60(b)(1)—as it was filed exactly one year after the Order dismissing her case, *see* ECF No. 8; Fed. R. Civ. P. 60(c)(1)—at the time she filed her motion, Plaintiff had not taken any action in her case since the filing of her Complaint seventeen months prior. Although Plaintiff contends she was suffering a medical disability between May 2015 and February 2016, she admits that she received the

Court's September 21, 2015 Order, which makes clear that her inaccessibility and failure to otherwise prosecute her case was the reason for the dismissal. Even so, Plaintiff failed to contact the Court in any way, much less to provide the Court with updated contact information or to otherwise request that the proceedings be stayed during her recovery. Moreover, during the pendency of this matter, Plaintiff simultaneously litigated another matter in this Court that was similarly delayed by Plaintiff's failure to prosecute or, at the very least, provide the Court with an effective means of contacting her. *See* Memorandum & Order, *Toriola v. FJC Security Servs.*, 13-CV-5142 (E.D.N.Y. March 1, 2017) (ECF No. 101) (Amon, J.) (denying motion to vacate under Fed. R. Civ. P. 60(b)(1) where Plaintiff failed to demonstrate why her medical treatment prevented her from prosecuting her case or filing a motion to vacate). Given this record, the Court cannot find Plaintiff has acted in good faith or otherwise justified vacatur of its Order dismissing this action. Plaintiff's motion to vacate is accordingly DENIED.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: April 20, 2017
      Brooklyn, New York